IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS VERNACCHIO**<br>1617 S. 10th Street<br>Philadelphia, PA 19148<br><br>          Plaintiff<br><br>     v.<br><br>**CITY OF PHILADELPHIA**<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA  19102,<br><br>**JOHN DOE, SERGEANT**<br>**CITY OF PHILADELPHIA**<br>**POLICE DEPARTMENT, 4th DISTRICT**<br>1201 S. 20th Street<br>Philadelphia, PA 19146<br><br>**JOHN DOE, CAPTAIN**<br>**CITY OF PHILADELPHIA**<br>**POLICE DEPARTMENT, 4th DISTRICT**<br>1201 S. 20th Street<br>Philadelphia, PA 19146<br><br>**OFFICER MARIO BOCELLI**<br>**CITY OF PHILADELPHIA**<br>**POLICE DEPARTMENT, 4th DISTRICT**<br>(individually and in his official capacity)<br>1201 S. 20th Street<br>Philadelphia, PA 19146<br><br>**OFFICERS JOHN DOE I -III,**<br>**CITY OF PHILADELPHIA**<br>**POLICE DEPARTMENT, 4th DISTRICT**<br>(individually and in their official capacity)<br>1201 S. 20th Street<br>Philadelphia, PA 19146<br><br>          Defendants. | CIVIL ACTION - LAW<br><br><br><br>CASE NO.:<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Nicholas Vernacchio, by and through his counsel, Hill & Associates, P.C., brings this suit to recover for federal constitutional violations, federal statutory

violations, and state law claims, as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. §1331 and §1343. This action arises under the provisions of the Civil Rights Act of 1866, as amended 42 U.S.C. §1983. This Court has supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C. Section 1367.

2. Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b) in that the actions complained of took place in Philadelphia, which is within the bounds of the Eastern District, and Defendants carry on business within the Eastern District.

## PARTIES

3. Plaintiff, Nicholas Vernacchio, born on January 15, 1974, is a resident of 1617 S. 10th Street, City of Philadelphia, Commonwealth of Pennsylvania.

4. Defendant City of Philadelphia (hereinafter referred to as City) is a municipality in Philadelphia County, Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department, which employees all of the defendant police officers named as parties herein.

5. At all times relevant to this action, the City acted through its employee police officers as listed below.

6. At all times relevant hereto, the incidents occurred in the 3rd District[1] of the Philadelphia Police Department.

7. Defendant John Doe, Sergeant (hereinafter referred to as Defendant Sergeant)

---

[1] The 3rd District is now the 4th District. Plaintiff will refer to this incident as occurring in the 4th District for the remainder of the Complaint.

was at all relevant times a Sergeant and commanding officer with the Police Department of the City of Philadelphia, Pennsylvania, in its 4th District Police.

8. Defendant Sergeant is sued in his/her individual and official capacities and at all times relevant hereto was acting under the color of his/her official capacity and his/her acts were performed under color of the statutes and ordinances of the City and County of Philadelphia and the State of Pennsylvania.

9. Defendant John Doe, Captain (hereinafter referred to as Defendant Captain) was at all relevant times a Captain and commanding officer with the Police Department of the City of Philadelphia, Pennsylvania, in its 4th Police District.

10. Defendant Captain is sued in his/her individual and official capacities and at all times relevant hereto was acting under the color of his/her official capacity and his/her acts were performed under color of the statutes and ordinances of the City and County of Philadelphia and the State of Pennsylvania.

11. At all relevant times Defendant Sergeant and Defendant Captain were also supervisory officials, who were responsible for supervising the other police officers identified herein.

12. Defendant Officer Mario Bocelli (hereinafter referred to as Defendant Bocelli) was at all relevant times a police officer with the Police Department of the City of Philadelphia, Pennsylvania, in its 4th Police District.

13. Defendant Bocelli is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the City and County of Philadelphia and the State of Pennsylvania.

14. Defendants John Does, I-III (hereinafter referred to as Defendants Doe I-III) were at all relevant times police officers with the Police Department of the City of Philadelphia. Their names are not currently known. They were present and involved in official police activities which give rise to the within causes of action, and were assigned to the 4th Police District at all times relevant to this action.

15. Defendants Doe I-III are all sued in their individual and official capacities and at all times relevant hereto were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City and County of Philadelphia and the State of Pennsylvania.

## FACTUAL ALLEGATIONS

21. On January 26, 2009, Plaintiff was a passenger in a vehicle that was stopped by Defendants at or near the intersection of 8th Street and Snyder Avenue in the City and County of Philadelphia.

22. The driver of the vehicle was Lisa McGhee, Plaintiff's current girlfriend.

23. The vehicle was purportedly stopped for an expired registration.

24. When the Defendant Officers first approached the vehicle, and prior to Plaintiff identifying himself, Defendant Officers instantly called Plaintiff by his first name, "Nick", and ordered him to get out of the car.

25. Defendant Officers knew Plaintiff on sight because Defendant Officers are friends, family, and/or otherwise close associates of Upper Darby Police Officer Daniel Snyder and his daughter, Jennifer Snyder.

26. Plaintiff and Jennifer Snyder have a child together, who is in the custody of Upper Darby Police Officer Daniel Snyder.

27. Prior to January 26, 2009, Defendants repeatedly threatened, assaulted, arrested, falsely accused, and otherwise harassed Plaintiff in an effort to dissuade Plaintiff from seeking custody of his child and from otherwise pursuing a relationship with his child.

28. On January 26, 2009, before Plaintiff could comply with the Defendant Officers' instruction to exit the car, Defendant Officers forcefully and violently removed him from the vehicle.

29. Defendant Officers then beat Plaintiff, placed him in handcuffs and arrested him.

30. The beating was so violent that it caused severe and prevalent bodily injuries, including but not limited to, cuts and abrasions over Plaintiff's eye for which he required emergency medical treatment, and which have resulted in a permanent loss of vision.

31. During the assault, Defendant Officers ordered Plaintiff to stay away from Plaintiff's minor daughter, told Plaintiff he would never see his minor daughter again, and threatened Plaintiff that more serious consequences would result if Plaintiff interfered with the custody of Plaintiff's minor-child.

32. After the Defendant Officers beat Plaintiff, they knowingly and intentionally completed various police reports and documents with false information that ultimately led to Plaintiff being charged with aggravated assault, simple assault, recklessly endangering another person, resisting arrest and disorderly

conduct.

33. The aggravated assault charge was dismissed before trial.

34. Plaintiff was found Not Guilty of all of the remaining charges.

35. At no time during the incident did Defendants Doe I-III, Defendant Sergeant, or Defendant Captain take any action to stop the assault or beating, or to take control of the situation.

36. As set forth more fully below, Defendants intentionally used excessive force against the Plaintiff, which was unreasonable, unjustifiable, and unconstitutional.

37. At all relevant times, Defendants knew or should have known that their actions were in violation of Plaintiff's Fourth and Fourteenth Amendment Rights.

38. Defendants' actions, and their motivation for their actions, were conscience shocking, without conscious regard or due care for Plaintiff or the foreseeable consequences of their actions, and with such wanton and reckless disregard of the consequences as to show Defendants' deliberate indifference to the danger of harm and injury.

39. As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and continues to suffer deprivation of his rights, fear, horror, loss of liberty, to his great detriment and loss.

40. As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and was made to undergo physical pain and horrible mental anguish, all to his great detriment, financial detriment, and personal loss.

41. Plaintiff's serious injuries were a foreseeable and direct result of the actions and inactions of all Defendants.

42. Defendants violated Plaintiff's clearly established and well settled federal constitutional rights, including but not limited to his right to substantive due process, liberty, personal security, his right to be free from unreasonable searches and seizures, and his right to be free from the use of excessive, unreasonable and unjustified force.

43. Furthermore, the Constitutional violations suffered by Plaintiff were the result of the City's policies, procedures, customs, and practices of: allowing its officers to make stops without reasonable suspicion; allowing its officers to use unreasonable and excessive force thereby violating the civil rights of those with whom they come into contact; allowing its officers to use/misuse their official positions to pursue personal matters; allowing officers to incorrectly, untruthfully, and/or improperly complete police paperwork to justify their actions and/or inactions; and maintaining an inadequate system of review of instances of misconduct.

44. The City has maintained, with the deliberate indifference to the impact on citizens, an inadequate system of review of instances of misconduct, abuse of police powers or violation of citizens' rights by police officer, which system has failed to identify instances of abuse of police powers or violations of citizens' rights by police officers, or to discipline, more closely supervise, or retrain officers who abuse their police powers or violate citizens' rights, including the police officers named as parties herein.

45. The City was deliberately indifferent to the need for more or different training rules, regulations, investigations and discipline relating to police officers' use of excessive force, investigatory stops, and pursuit of personal matters through their official positions, as set forth above.

46. The foregoing acts, omissions, systemic deficiencies, practices, customs and deliberate indifference constitutes the policies, practices and customs of the City and have caused police officers of the City, including the police officers named as parties herein, to violate the constitutional rights of citizens, including Plaintiff.

47. The rights, violations and injuries suffered by Plaintiff were a foreseeable result of the policies, practices, customs and deliberate indifference of the City.

## COUNT I – FOURTH AMENDMENT - UNLAWFUL SEARCH AND SEIZURE, EXCESSIVE FORCE
## PLAINTIFF VS. ALL DEFENDANTS

48. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

49. As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's rights protected under the Fourth Amendment to be free from unreasonable search and seizure and to be free from the use of excessive force were violated and he suffered injury as a result.

50. Defendants subjected Plaintiff to these deprivations of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

51. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interest, all to Plaintiff's great detriment and loss.

52. Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages, including the costs of this suit.

53. Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S. C. § 1988.

WHEREFORE, Plaintiff, Nicholas Vernacchio, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages in excess of $150,000;

iii) prejudgment interest, attorneys' fees and costs;

iv) punitive damages against the individual defendants in their individual capacities; and,

v) such other legal and equitable relief as the Court deems just and proper.

## COUNT II – FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS
### PLAINTIFF VS. ALL DEFENDANTS

54. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

55. As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's substantive due process rights protected under the Fourteenth Amendment were violated and he suffered grievous bodily injury.

56. Defendants subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

57. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interest, all to Plaintiff's great detriment and loss.

58. Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages, including the costs of this suit.

59. Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Nicholas Vernacchio, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages in excess of $150,000;

iii) prejudgment interest, attorneys' fees and costs;

iv) punitive damages against the individual defendants in their individual capacities; and,

v) such other legal and equitable relief as the Court deems just and proper.

## COUNT III – FOURTEENTH AMENDMENT - PROCEDURAL DUE PROCESS
## PLAINTIFF VS. ALL DEFENDANTS

60. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

61. As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's substantive due process rights protected under the Fourteenth Amendment were violated and he suffered grievous bodily injury.

62. Defendants subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

63. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interest, all to Plaintiff's great detriment and loss.

64. Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages, including the costs of this suit.

65. Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Nicholas Vernacchio, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

    i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

    ii) compensatory damages in excess of $150,000;

iii) prejudgment interest, attorneys' fees and costs;

iv) punitive damages against the individual defendants in their individual capacities; and,

v) such other legal and equitable relief as the Court deems just and proper.

## COUNT IV – <u>MONELL</u> CLAIM
## PLAINTIFF VS. DEFENDANT CITY

66. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

67. The decisions and actions of the officials of the City as set forth herein represented and constituted the official policy and/or customs of the City.

68. At the time of this incident, it was the policy, practice and/or custom of the City and its police officers to use excessive force and make stops without reasonable suspicion, intimidate citizens wrongfully stopped, conduct unreasonable searches, misuse their roles to carry out non-police related personal objectives, allow officers to improperly complete police paperwork to justify their actions and/or inactions.

69. In addition, the Constitutional violations suffered by Plaintiff were the result of the City's failure to properly train and supervise its officers with regard to the proper use of force, the proper methods for making stops without reasonable suspicion, intimidate citizens wrongfully stopped, conduct unreasonable searches, properly and truthfully complete police documents, and exclude personal matters while carrying out their official duties.

70. Prior to the events described herein, the City developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the

constitutional rights of persons within the City, which policies are more particularly set forth in the preceding paragraphs incorporated herein, that caused the violation of Plaintiffs' rights.

71. As a direct and proximate result of the City's policies, practices, customs, procedures, failure to train and supervise, which are more specifically described above, Plaintiff was injured as stated herein.

72. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of the City, as more fully described above, the City violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments.

73. Plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Nicholas Vernacchio, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

   i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

   ii) compensatory damages in excess of $150,000;

   iii) prejudgment interest, attorneys' fees and costs;

   iv) punitive damages against the individual defendants in their individual capacities; and,

   v) such other legal and equitable relief as the Court deems just and proper.

## COUNT V- ASSAULT AND BATTERY
## PLAINTIFF VS. DEFENDANT BOCELLI AND JOHN DOES I-III

74. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

75. Defendants placed Plaintiff in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject him to such bodily contact.

76. As a consequence of these actions, Plaintiff suffered bodily injury.

77. The acts of Defendant, Bocelli and Doe I-III, as set forth above, constituted the torts of assault and battery, all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff, Nicholas Vernacchio, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages in excess of $150,000;

iii) prejudgment interest, attorneys' fees and costs;

iv) punitive damages against the individual defendants in their individual capacities; and,

v) such other legal and equitable relief as the Court deems just and proper.

## COUNT VI – FALSE IMPRISONMENT/FALSE ARREST
## PLAINTIFF VS. DEFENDANTS, BOCELLI & DOES I-III

78. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

79. Defendants Bocelli and Does I-III intentionally, recklessly, willfully, and without legal justification, held Plaintiff without probable cause or other legal justification by virtue of their refusal to allow him to leave the scene.

80. The acts of Defendants, Bocelli and Does I-III constitute the tort of false arrest and false imprisonment, all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff, Nicholas Vernacchio, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

  i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

  ii) compensatory damages in excess of $150,000;

  iii) prejudgment interest, attorneys' fees and costs;

  iv) punitive damages against the individual defendants in their individual capacities; and,

  v) such other legal and equitable relief as the Court deems just and proper.

### COUNT VII – INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS
### PLAINTIFF VS. DEFENDANTS BOCELLI & DOE I-III

81. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

82. Defendants Bocelli and Does I-III intentionally, recklessly, willfully, and without legal justification, by extreme and outrageous conduct caused severe emotional distress to Plaintiff.

83. The acts of Defendants Bocelli and Does I-III alleged in the preceding paragraphs constitute the tort of intentional infliction of emotional distress outrageous conduct all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff, Nicholas Vernacchio, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages in excess of $150,000;

iii) prejudgment interest, attorneys' fees and costs;

iv) punitive damages against the individual defendants in their individual capacities; and,

v) such other legal and equitable relief as the Court deems just and proper.

**JURY DEMAND**

PURSUANT TO F.R.C.P. 38, A JURY TRIAL IS DEMANDED.

HILL & ASSOCIATES, P.C.

BY: _____
Leonard K. Hill, Esquire
Attorney for Plaintiff
123 S. Broad Street, Ste. 1100
Philadelphia, PA 19109
215-567-7600 (p)
215-525-4312 (f)
ceo@lkhlaw.com